IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | | |
|---|---|---|
| MICHELLE LEIBOLD, | ) | |
| | ) | COPY |
| Plaintiff, | ) | Original Received |
| | ) | AUG 14 2018 |
| vs. | ) | |
| | ) | Clerk of the Trial Courts |
| STATE FARM MUTUAL | ) | |
| AUTOMOBILE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | Case No. 3AN-18-8550 CI |

## COMPLAINT

COMES NOW the plaintiff, MICHELLE LEIBOLD, by and through her attorneys, BARBER & ASSOCIATES, LLC, and for her complaint against defendant STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, does state and allege as follows:

1. At all times material hereto, plaintiff was and is a resident of Anchorage, Alaska.

2. At all times material hereto, defendant was and is an Illinois insurance company doing business in the Third Judicial District.

3. In 2016, the defendant's net worth was $97 billion dollars.

4. At all times material hereto, the defendant was and is responsible for the

BARBER & ASSOCIATES, LLC
ATTORNEYS AT LAW
540 E. FIFTH AVENUE
ANCHORAGE, ALASKA 99501
PHONE: (907) 276-5858
FAX: (907) 276-5817

actions and/or failures to act of its employees under the theories of respondeat superior and/or agency and/or vicarious liability.

5. On or about 6/1/16, the plaintiff was injured in a motor vehicle collision in Anchorage, Alaska.

6. The person who caused the 6/1/16 collision was insured by USAA Casualty Insurance Company (hereinafter "USAA").

7. The plaintiff was insured for medical payments coverage by the defendant in the 6/1/16 collision.

8. The plaintiff's medical payments claim was a first-party insurance claim.

9. The plaintiff and/or her medical provider submitted medical expenses to the defendant to pay pursuant to the medical payments coverage.

10. The defendant paid plaintiff's medical expenses related to the 6/1/16 collision pursuant to her medical payments coverage.

11. By 5/24/18, the defendant had paid $19,073.41 in medical expenses which it had determined were caused by the 6/1/16 collision.

12. The defendant submitted a claim to USAA to be paid the medical expenses which it related to the 6/1/16 collision.

13. The plaintiff submitted a request for USAA to pay its policy limits in exchange for releasing the person who caused the collision subject to consent to settle from the defendant.

14. USAA had an obligation to pay its policy limits if it determined that plaintiff's compensatory damages likely exceeded its $50,000 policy limit.

15. On or about 5/24/18, USAA agreed to pay its $50,000 policy limit plus interest and Alaska Civil Rule 82 attorney fees in exchange for releasing its insured who caused the 6/1/16 collision, subject to consent to settle from the defendant.

16. The defendant was aware that USAA had an obligation to pay its policy limits if USAA determined that plaintiff's compensatory damages likely exceeded its $50,000 policy limit.

17. USAA paid its policy limit because it determined that plaintiff's compensatory damages likely exceeded its $50,000 policy limits. who caused the 6/1/16 collision.

18. On or about 5/28/18, the plaintiff requested the defendant to waive its subrogated medical payments claim pursuant to the made whole doctrine.

19. Delay in responding to the plaintiff's request to waive the defendant's subrogated medical payments claim deprived the plaintiff from access to settlement funds because the defendant had put USAA on notice of its claim.

20. The defendant was obligated to timely respond to requests from first-party claimants.

21. Under the Alaska Administrative Code provisions, requests from plaintiff's counsel were deemed to be requests from the plaintiff.

3047/01 Complaint
Liebold v State Farm Mutual Automobile Ins. Co., Case No. 3AN-18-5474 CI
Page 3

22. On 6/5/18, the defendant responded the plaintiff's fax dated 5/28/18 which requested waiver of the defendant's medical payments claim.

23. The defendant's 6/5/18 did not waive the defendant's medical payments claim.

24. The defendant's 6/5/18 letter asserted that the defendant would seek recovery of its $19,073.41 in medical benefits paid by pursuing the insurance carrier or at fault party for the benefits that it paid.

25. On 6/13/18, the plaintiff requested that the defendant respond to the 5/28/18 letter.

26. On 6/14/18, the defendant sent a letter to the plaintiff which did not waive its medical payments claim.

27. On 6/21/18, the plaintiff sent a fax requesting the defendant to respond to the 5/28/18 fax and waive the medical payments claim.

28. On 6/27/18, the plaintiff sent a fax requesting the defendant to respond to the 5/28/18 fax and waive the medical payments claim.

29. On 7/2/18, the defendant faxed a letter dated 6/11/18 waiving its medical payments claim.

30. After waiving its medical payments claim on 7/2/18, on 7/10/18 the defendant sent a letter indicating that it needed additional information before waiving its medical payments claim.

3047/01 Complaint
Liebold v State Farm Mutual Automobile Ins. Co., Case No. 3AN-18-5474 CI
Page 4

31. On 7/30/18, the plaintiff requested clarification of whether the defendant waived its medical payments claim.

32. On 7/31/18, the plaintiff sent the defendant a copy of the letter to USAA dated 5/8/18 describing the plaintiff's ongoing residual neck and shoulder symptoms and the fact that she was still treating with Dr. Trujillo and Dr. Abbot, she confirmed that she was seeking UIM BI benefits, asserted that her damages were in excess of $150,000.00, gave permission for the defendant's medical payments department to share information with its UIM department to expedite handling of the UIM BI claim, and requested that the defendant waive its med pay claim pursuant to the made whole doctrine.

33. The defendant was obligated to be objective, even-handed and unbiased in its investigation and evaluation of the plaintiff's claim.

34. The defendant was obligated to treat the plaintiff's interests with equal regard as its own interests.

35. The defendant was not permitted to put its interests ahead of the plaintiff's interests.

36. The defendant was entitled to communicate with the plaintiff's medical providers.

37. The defendant was entitled to take statements under oath from the plaintiff.

38. The defendant was entitled to request a medical examination of the plaintiff with a doctor of its choosing.

39. The plaintiff was entitled to recover past and future medical expenses, pain and suffering, physical impairment, loss of earnings, inconvenience, loss of enjoyment of life, and loss of non-market household services caused by the 6/1/16 collision from the tortfeasor who caused the collision.

40. Plaintiff asserted that her compensatory damages exceeded the $50,000 USAA liability policy limits settlement, including interest and Alaska Civil Rule 82 attorney fees.

41. On August 6, 2018, the defendant's adjuster Laura Perales advised the plaintiff's counsel that the defendant was not waiving its med pay claim.

42. As of the date of this complaint, the defendant has not communicated with any of the plaintiff's medical providers to enquire about her condition.

43. As of the date of this complaint, the defendant has not requested nor taken a statement under oath from the plaintiff.

44. As of the date of this complaint, the defendant has not requested a medical exam.

45. As of the date of this complaint, the defendant has not communicated with any of the plaintiff's family members about her condition.

46. As of the date of this complaint, the defendant has not spoken with any witness about the plaintiff's condition.

47. As of the date of this complaint, the defendant has not waived its medical payments claim.

48. The defendant was not objective, unbiased, and even-handed in its investigation and evaluation of the plaintiff's claim.

49. The defendant was negligent, grossly negligent, reckless and or intentional in its adjustment of plaintiff's claim and in denying waiver of defendant's subrogated medical payments claim pursuant to the made whole doctrine which was a substantial factor in causing harm to the plaintiff for which the defendant is liable.

50. The defendant denied the plaintiff's claim without a reasonable basis.

51. The defendant is liable for breach of contract.

52. The defendant is liable for beach of the covenant of good faith and fair dealing.

53. The defendant had an ulterior motive of denying the plaintiff's request to waive the subrogated medical payments claim in order to compel the plaintiff to resolve plaintiff's UIM BI claim on terms more favorable to the defendant.

54. The defendant's unequitable conduct was a substantial factor in causing harm to the plaintiff.

55. The defendant's unconscionable conduct was a substantial factor in causing harm to the plaintiff.

56. The defendant's conduct evidenced reckless disregards to the interests of the plaintiff and/or was outrageous.

57. The defendant is liable for past and/or future: medical expense, pain, suffering, emotional distress, frustration, anxiety, and loss of capacity for enjoyment of life, inconvenience and other non-pecuniary damages to be more fully set forth at trial, all in an amount less greater than $100,000.00 (ONE HUNDRED THOUSAND DOLLARS), the exact amount to be set by the trier of fact.

58. The defendant is liable for punitive and/or exemplary damages.

WHEREFORE, having fully pled plaintiff's complaint, plaintiff requests a judgment against defendant for an amount greater than $100,000.00 (ONE HUNDRED THOUSAND DOLLARS) to be established by the trier of fact, injunctive relief, plus interest, costs and attorney fees and such other relief as the court deems just.

DATED at Anchorage, Alaska this 13 day of August, 2018.

BARBER & ASSOCIATES, LLC
Attorneys for Plaintiff

By: _____
JEFF BARBER
AK Bar #0111058

3047/01 Complaint
Liebold v State Farm Mutual Automobile Ins. Co., Case No. 3AN-18-5474 CI
Page 8